UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOE BURGOS VEGA
(Plaintiff)

CASE NO. 3:03CV2248 (PCD)

v.

THERESA LANTZ (Official Capacity)

JACK TOKARZ (Official & Individual Capacities)

FREDERICK LEVESQUE (Official & Individual Capacities)
(Defendants)

DATE: 02/24/ 2006.

## PLAINTIFF'S FIRST AMENDED COMPLAINT.

I. <u>INTRODUCTION</u>.

1. This is a Civil Rights Action authorized by 42 U.S.C. §1983 to redress the deprivation of Liberty by the defendants, under Color of State Law, of rights secured by the United States Constitution.

2. This United States District Court has jurisdiction under 28 U.S.C. §1343. The Plaintiff seeks declaratory relief, injunctive relief, compensatory relief, punitive relief, and any other relief this Honorable Court deems appropriate, under 28 U.S.C. §2201 and §2202.

3. The Plaintiff, Joe Burgos Vega, respectfully request that this Honorable United States District Court enter against the defendant(s), successor(s) in office, agent(s), employee(s), and all other person(s) in active concert and participation with them:

   a. A declaratory judgment that the defendants' actions, policy or policies, namely the Connecticut Department of Correction Objective Classification Manual Rev. 4/01, and practices complained about within the Connecticut...

1.

Department of Correction herein described and complained about violated the Plaintiff's rights under the Fifth Amendment, Eighth Amendment, Thirteenth Amendment, and Fourteenth Amendment of the United States Constitution;

b. A preliminary and permanent injunction which shall and forever:

1. Revise the Connecticut Department of Correction's Objective Classification Manual Rev. 4/01 to comply with Constitutional protected law(s) and/or any other order(s) this Honorable Court may want to impose;

2. Expunge all Plaintiff's, Joe Burgos Vega, sexual offender Classification Risk score, records, files, etc., from all Connecticut Department of Correction records, files, computors, etc., where ever existing and disposed of in a safeguarded and responsible manner;

3. Place the Plaintiff, Joe Burgos Vega, on single cell status at the MacDougall-Walker Correctional Institution, general population, during the coarse of this litigation;

4. Upon the disposition of this action transfer the Plaintiff, Joe Burgos Vega, out of the State of Connecticut to the Commonwealth of Pennsylvania for a minimum of three (3) years, or as the Court deems appropriate;

5. Such other and/or further relief this Honorable Court should deem to be appropriate and just;

II. <u>Plaintiff.</u>

4. The Plaintiff, Joe Burgos Vega, is and was at all times mentioned in this Civil Rights complaint as a prisoner of the State of Connecticut, in the custody of the Connecticut Department of Correction, the defendant(s). Joe Burgos Vega is a legal natural born citizen of the United States of America, and is presently confined at the MacDougall-Walker Correctional Institution, 1153 East Street South, Suffield, Connecticut 06080.

5. At the time the Plaintiff filed this action he was confined at the Garner Correctional Institution, then transferred to the Corrigan-Radgowski Correctional Institution, then on December 27, 2004 he was transferred to the MacDougall-Walker Correctional Institution.

III. <u>Defendant(s).</u>

6. The defendant, Theresa Lantz, was at all times mentioned relevant to this complaint since her first day in office as the Commissioner of the Connecticut Department of Correction and was so appointed by convicted ex-governor John Rowland.

7. Theresa Lantz is , under State Law, legally responsible for the management and operations of the Connecticut Department of Correction and all of its institutions respectively.

8. Theresa Lantz is also responsible, under color of State Law, to secure the Constitutional rights of its wards.

9. The defendant, Jack Tokarz, was at all times mentioned relevant to this complaint as the Deputy Commissioner for the Connecticut Department of Correction.

10. Jack Tokarz is also responsible, under color of State Law, for the management and operations of the Connecticut Department of

...Correction and all of its Institutions respectively.

11. Jack Tokarz is also responsible, under color of State Law, to secure the Constitutional rights of its wards.

12. The defendant, Frederick Levesque, was at all times mentioned relevant to this complaint as the Director Offender Classification and population Management for the Connecticut Department of Correction.

13. Frederick Levesque is also responsible, under color of State Law, for the Connecticut Department of Correction's Classification system, developing classification manual(s) containing detailed information concerning inmate classification procedures which shall be reviewed annually and updated as necessary.

14. Frederick Levesque is responsible for the management of the Connecticut Department of Correction and all of its institutions respectively.

15. Frederick Levesque is also responsible, under color of State Law, to secure the Constitutional rights of its wards.

IV. Background of Facts.

16. The Plaintiff, Joe Burgos Vega, was tried by jury on four charges on or around December 12, 1997:
   a. 53a-70 (First degree sexual assault) of the Connecticut General Statutes;
   b. Two counts of 53a-59 (First degree Assault) of the Connecticut General Statutes;
   c. 53a-94 (Second degree kidnapping) of the Connecticut General Statutes.

4.

17. The Plaintiff, Joe Burgos Vega, (hereon forward will be referred to as the Plaintiff) was found guilty on three counts, two counts of 53a-59 (first degree assault) of the Connecticut General statutes, and one count of 53a-94 (Second degree kidnapping) of the Connecticut General Statutes, by a jury on or around December 12, 1997.

18. The Plaintiff was found not guilty on 53a-70 (First degree sexual assault) of the Connecticut General statutes by the same jury as mentioned in paragraph number 17 of this complaint on or around December 12, 1997.

See attached exhibit-A.

19. The Plaintiff is presently incarcerated at the MacDougall-Walker Correctional Institution, 1153 East Street South, Suffield, Connecticut 06080, serving a 60 year(s) sentence for the convictions of two counts of 53a-59 (first degree assault) of the Connecticut General Statutes and one count of 53a-94 (second degree kidnapping) of the Connecticut General statutes.

See attached exhibit-A.

20. The Plaintiff is also serving a concurrent 150 months Federal sentence. Federal docket number 3:96CR190 (AHN).

See attached exhibit-B.

21. Throughout the Plaintiff's incarceration he has been subjected to severe ill treatment in the Classification, job assignments, celling, disciplinary, and in all aspects of prison life, due to the classification decision made by the defendant(s) without any notification to this Plaintiff.

22. On or around December 19, 2000 the Plaintiff was informed that his 13" KTV color television (serial #60103216) for which he paid approximately $233.00 , was purged (discarded) without any ...

5.

...disciplinary hearing, nor justification, by a Corrigan-Radgowski Correctional Institution Property Officer known to this Plaintiff as C.O. Vergason.

23. After returning to the Plaintiff's assigned unit, on December 19, 2000, the Plaintiff asked counselor McDonnell to please confirm and verify the date of the Plaintiff's request to have his KTV 13" color television and other property mailed home. Counselor McDonnell confirmed it on the Plaintiff's Inmate Request Form.

24. On or around January of 2001 the Plaintiff was transferred out of Corrigan-Radgowski Correctional Institution back to the Garner Correctional Institution by the defendant's, Frederick Levesque, authorization.

25. On or around February 2, 2001 Garner Correctional Institution's counselor, Mr. Furman, informed this Plaintiff that the Plaintiff had or was issued a level 3 Classification sex offense risk score, this is how the Plaintiff found-out of the sex offense risk score for the very first time.

26. On or around February 2, 2001 Garner Correctional Counselor, Mr. Furman, advised the Plaintiff that this Plaintiff may appeal the classification sex offense risk score level 3 to the counselor supervisor and or classification director at Garner Correctional Institution Ms. Kim Jones.

27. On that same day, February 2, 2001, the Plaintiff submitted an Inmate Request Form CN9602 to Ms. Kim Jones requesting for the Plaintiff's issued classification sex offense risk score of (3) three to be erased from the Plaintiff's classification risk score needs because this Plaintiff has never been convicted of a sexual offense,...

...and the consequences out of having a stigma of a sex offender are detrimental in the prison environment.

28. On February 14, 2001 (Valentine's Day) counselor supervisor and or counselor supervisor Ms. Kim Jones answered the Plaintiff's February 2, 2001 Inmate Request as..."the sex offense classification sex offense risk score will remain...".

29. On or around February 15, 2001 the Plaintiff asked counselor Furman how would the Plaintiff would be able to appeal Ms. Kim Jones decision (regarding the sex offense level 3 risk score).

30. That beyond appealing to Counselor supervisor Pratt he (counselor Furman) would not know.

31. On February 15, 2001, after reading a Connecticut Department of Correction Administrative Directive, Titled: Classification, the Plaintiff appealed to the Classification Director the defendant, Frederick Levesque, in attempt to have the classification sex offense risk score cleared.

32. On or around February 16, 2001 the Plaintiff wrote to Complex II Warden, Mr. Hector Rodriguez, in attempt to have the sex offense classification risk score eradicated from the Plaintiff's files.

33. On February 21, 2001 Complex II Warden, Mr. Hector Rodriguez, replied to the Plaintiff's February 16, 2001 appeal-letter as follows, that the Plaintiff's issues should be addressed to the offender classification unit, and since the Plaintiff already did, to be patient and await a response from Levesque's unit.

34. On or around February 23, 2001 the Plaintiff was again transferred out of the Garner Correctional Institution back to the Corrigan-Radgowski Correctional Institution, authorized by the Director of Classification and Population Management Frederick Levesque.

35. Since nearly a year had gone by without receiving a reply or answer from the Director of Classification and Population Management, the defendant Frederick Levesque, the Plaintiff wrote Mr. Levesque a second appeal-letter on January 21, 2002.

36. On February 28, 2002 the defendant Frederick Levesque responded to the Plaintiff's January 21, 2002 appeal-letter regarding the sex offense classification level 3 risk score, stating..."As such you were given a sexual treatment score in accordance with the 2001 Objective Classification Manual. I find no reason to alter that decision."

37. The 2001 Objective Classification Manual is ambiguous and fails to clearly define a "sexual offense".

38. The 2001 Objective Classification Manual also states that information for which some-one was found not-guilty will not be used in the Objective Classification process. This Plaintiff was acquitted of having violated Connecticut General Statute 53a-70 (first degree sexual assault).

39. On or around March 17, 2002 the Plaintiff further appealed to the then Connecticut Department of Correction's Commissioner, John J. Armstrong, in attempt to resolve the sexual treatment classification level 3 score placed on this Plaintiff by the defendant(s) without any classification hearing, etc.

40. On or around April 15, 2002 the Plaintiff received a reply letter from the defendant, Deputy Commissioner Jack Tokarz, who replied on behalf of the Department of Correction's Commissioner John J. Armstrong, stating that he (Tokrarz) finds no reason to alter that determination (regarding the issued sexual treatment offense level 3 score and Frederick Levesque's denial to change the score).

41. As part of parole eligibility the Plaintiff would require sexual treatment counseling.

8.

42. Without participation in a sex offender treatment counseling program the Plaintiff would not be eligible for parole.

43. For the Plaintiff to participate in a sexual offender treatment counseling program would require for the Plaintiff to lie and incriminate himself as being a sex offender.

44. That because of the sex offense or sexual treatment level 3 score it has put a stigma upon this Plaintiff amongst Correctional Officials that has been the cause of denial of certain programs and prison jobs.

45. Due to the sexual offender stigma created by the defendant(s) this Plaintiff has had numerous unreported fights with certain cell mates and other inmates.

46. On May 27, 2004 the Plaintiff was classified to be a school tutor, at the request of the Corrigan-Radgowski Correctional Institution Classification Committee director Mr. Gubbins, but because of the sexual offender stigma and classification sexual level 3 score the Plaintiff was denied the prison job by the school teacher and reclassified nearly six months later.

47. Because of the sexual offender stigma the Plaintiff has been subjected to the most ill treatment beyond that of the normal prison life at the discretion of prison official(s).

48. The Plaintiff has been subjected to false disciplinary accusation(s), unfair treatment, unequal treatment and or due process, verbal abuse, deprivation of personal property without due process, unnecessary transfers between two high security Facilities, and alot more.

49. The Plaintiff has been denied toilet paper, subjected to over 21 hours a day in a double occupied cell designed for single occupancy in an overcrowded High security Facility without being issued a prison job or afforded out of cell programming.

9.

50. The Plaintiff was not issued a notice of a classification objective hearing, nor was the Plaintiff issued a classification objective hearing, nor an opportunity to be heard or defend himself, or to provide documents and or exculpatory evidence such as the sentencing mitimus, prior to being Classified and stigmatized as a sexual offender by the defendant(s).

51. Up to the day of this writing February ___, 2006 although the defendants, Theresa Lantz, etal., have been served with a copy of the Plaintiff's complaint they have refused to make any correction(s) in the Plaintiff's classification sexual treatment and or sex offense level 3 score.

52. The classification as a sex offender imposes a stigma that amounts to a significant amount of hardship in relation to the ordinary incidents of prison life when the Plaintiff has never been convicted of a sexual offense.

V. Legal Claims.

53. The evidence and facts related above discloses a systematic effort by the defendant(s) and their cohorts to deprive the Plaintiff, Joe Burgos Vega, with regard to his secured Constitutional rights and by punishing the Plaintiff beyond and/or exceeding the penalty(ies) imposed upon the Plaintiff by the Court(s) upon sentencing him, including but not limited to those enumerated in the succeeding paragraphs.

VI. FIRST CAUSE OF ACTION.

1 - 53. Paragraphs 1 through 53 are hereby repeated and realleged as paragraphs 1 through 53 of the First Cause Of Action, as though fully set forth herein.

54. The defendant(s) and their cohorts (agents), by classifying ther Plaintiff Joe Burgos Vega a sexual offender when he has never been convicted a a sexual offense violated the Plaintiff's Fourteenth Amendment rights under the United States Constitution, in that the defendant(s) decision(s) change and have changed the Plaintiff's conditions of confinement severely, and that it essentially exceed the sentence(s) imposed by the Court(s).

VII. SECOND CAUSE OF ACTION.

1 - 54. Paragraphs 1 through 54 are hereby repeated and realleged as paragraphs 1 through 54 of the Second Cause Of Action, as though fully set forth herein.

55. The defendat(s) and their cohorts (agents) by using an Objective Classification Manual Rev. 4/01, that is ambiguous and fails to clearly define a "sexual offense" in classifying the Plaintiff, Joe Burgos Vega, as a sexual offender requiring sexual treatment/counseling has violated the Plaintiff's Fourteenth Amendment rights under the United States Constitution.

VIII. <u>THIRD CAUSE OF ACTION.</u>

1 - 55. Paragraphs 1 through 55 are hereby repeated and realleged as paragraphs 1 through 55 of the Third Cause Of Action, as though fully set forth herein.

56. The defendant(s) and their cohorts (agents) by not treating and /or classifying the Plaintiff, Joe Burgos Vega, equally as other similarly situated Connecticut State Prisoner(s) convicted of having violated Connecticut General Statute(s): 53a-59 (a) 1&2, and 53a-94(a), have violated the Plaintiff's Fourteenth Amendment rights under the United States Constitution.

IX. <u>FOURTH CAUSE OF ACTION.</u>

1 - 56. Paragraphs 1 through 56 are hereby repeated and realleged as paragraphs 1 through 56 of the Fourth Cause Of Action, as though fully set forth herein.

57. The defendant(s) and their cohorts (agents) through the use of the Connecticut Department of Correction's Objective Classification and the use of their Objective Classification Manual Rev. 4/01 imposed an atypical and significant hardship upon the

...Plaintiff, Joe Burgos Vega, in relation to the ordinary incidents of prison life, therefore, acting with deliberate indifference violating the Plaintiff's Eighth Amendment rights under the United States Constitution.

X. <u>FIFTH CAUSE OF ACTION.</u>

1 - 57. Paragraphs 1 through 57 are hereby repeated and realleged as paragraphs 1 through 57 of the Fifth Cause Of Action, as though fully set forth herein.

58. The defendant(s) and their cohorts (agents) by subjecting the Plaintiff, Joe Burgos Vega, to undergo sexual offender treatment counseling program, and as a parole illegibility or condition, and/or having the Plaintiff to lie or allege toward being a sexual offender violates the Plaintiff's fifth Amendment rights under the United States Constitution.

XI. <u>SIXTH CAUSE OF ACTION.</u>

1 - 58. Paragraphs 1 through 58 are hereby repeated and realleged as paragraphs 1 through 58 of the Sixth Cause Of Action, as though fully set forth herein.

59. The defendant(s) and their cohorts (agents) by subjecting the Plaintiff, Joe Burgos Vega, to undergo sexual offender treatment counseling program violates the Plaintiff's Eighth Amendment rights under the United States Constitution.

XII. <u>SEVENTH CAUSE OF ACTION.</u>

1 - 59. Paragraphs 1 through 59 are hereby repeated and realleged as paragraphs 1 through 59 of the Seventh Cause Of Action, as though fully set forth herein.

60. The defendant(s) and their cohorts (agents) by disposing and or depriving (purging) the Plaintiff's 13" KTV color television, serial # 60103216, without providing the Plaintiff his minimal Due-Process rights have violated the Plaintiff's Fourteenth Amendment rights under the United States Constitution.

XIII.                           <u>EQUITY</u>

1 - 60. Paragraphs 1 through 60 are hereby repeated and realleged as paragraphs 1 through 60 of this Action, as though fully set forth herein.

61. The Plaintiff, Joe Burgos Vega, have no other plain, adequate or complete remedy at law to redress the wrongs described herein. The Plaintiff have been and will continue to be irreparably injured by the defendant(s) unless this Honorable Court grants the declaratory, and/or injuctive, and /or compensatory, and/or punitive, relief(s); and any other relief this Honorable Court would deem appropriate.

   3. Transfer the Plaintiff Joe Burgos Vega out of State, to the Commonwealth of Pennsylvania for a minimum of 3 years, or as this Honorable Court would deem appropriate.

   4. Authorize the Plaintiff Joe Burgos Vega to purchase a new color television of his choice from an authorize vendor of his choice.

E. Award Compensatory Damages of $233.00 (the original cost of his 13" KTV color television set).

F. Award the Plaintiff punitive damages against the defendant(s) in their individual capacity(ies) jointly and severally against Jack Tokarz and Frederick Levesque for the years of harm to the Plaintiff of what has amounted to irreperable harm resulting from their action(s) and/or inactions, their refusal to remove such sexual classification stigma within the Connecticut Department of Correction. And, their ill will and out right reckless disregard and intent to violate the Plaintiff's Constitutional rights. A punitive award in the amount of $ 100,000.00 (One hundred thousand dollars), also for the stress and suffering caused upon the Plaintiff by the defendant(s), in which fears and stress continues to be caused upon the Plaintiff by the violation(s) of the defendant(s), who happen to be the Plaintiff's keepers.

G. Such other and further relief that this Honorable Court deems to be appropriate and Just.

Date: February 5, 2006

The Plaintiff Pro-Se',

_Joe Burgos Vega_
Joe Burgos Vega, I.D.# 130135
MacDougall-Walker Correctional Inst.
1153 East Street South
Suffield, Connecticut 06080

☐ CONTINUANCE
☐ FAILURE TO MEET CONDITIONS OF RELEASE UNDER 54-2a

TO OFFICER
Original to receiving facility; return copy to court.

**TO: Any Proper Officer**

| DOCKET NO. | NAME OF DEFENDANT | DATE OF BIRTH | DATE OF DISPOSITION |
|---|---|---|---|
| CR96-0115000 | Joe Burgos Vega | 8-23-67 | 12-29-97 |

NAME AND LOCATION OF RECEIVING FACILITY: BCC - Bridgeport
NAME AND LOCATION OF COURT: Superior Court Main St. B

| | FIRST COUNT - STATUTE NO. | DATE OF OFFENSE | SECOND COUNT - STATUTE NO. | DATE OF OFFENSE | THIRD COUNT - STATUTE NO. | DATE OF OFFENSE |
|---|---|---|---|---|---|---|
| ☑ CONVICTED | 53a-59(a)(2) | 1-7-96 | 53a-59(a)(1) | 1-7-96 | 53a-94(a) | 1-7-96 |
| ☐ CHARGED | FOURTH COUNT | | FIFTH COUNT | | SIXTH COUNT | |

Whereas by a judgment of said court, said defendant was convicted of the above crime(s) and sentenced to imprisonment as follows:

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL EFFECTIVE SENTENCE |
|---|---|---|---|---|---|---|
| 20 years | 20 years | 20 years | | | | 60 years |

SPECIFY HERE ANY PERTINENT CONDITIONS, IF SENTENCES ARE CONSECUTIVE AND IF PROBATION WAS ORDERED:
Second Count consecutive to First Count
Third Count consecutive to First & Second Count

(If a person under the age of 21 receives a reformatory sentence in accordance with section 18-65a or 18-73 of the General Statutes, in no event shall the term longer than either the maximum term of imprisonment for the crime(s) committed or for a term of more than five (5) years.

☐ And said defendant pay to the State of Connecticut the amount of fines now unpaid as shown below and be committed to the above facility in default of payment of said fines. (A defendant may not be incarcerated for failing to pay fees or costs.)

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL UNPAID BALANCE |
|---|---|---|---|---|---|---|
| costs | & fees | waived | | | | Waived |

☐ The Defendant is entitled to sentence credit of _____ days.

Whereas it is ordered that said case be continued and/or transferred for future proceedings before said court.
TO BE HELD AT (Name and address of court): _____ ☐ J.D. ☐ G.A. ON (Date): _____ SURETY BOND AMOUNT: _____

BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to deliver said defendant to the custody of the Commissioner of Correction and/or the Warden or Administrator at the above facility and said Commissioner and/or Warden or Administrator is hereby commanded to receive and keep said defendant for the period fixed by said order or judgment of the court or until legally discharged, provided when a defendant has been sentenced to a term of imprisonment and ordered to pay a fine, if the fine has not been paid by the time the sentence has been served, the defendant may not continue to be incarcerated unless the judicial authority has found that the defendant is able to pay the fine and that the defendant's nonpayment is willful.

SIGNED (Assistant Clerk): _____ By Order of the Court: Gormley, J.
DATE SIGNED: 12-29-97
RECEIVING FACILITY TIME STAMP:

**ACKNOWLEDGMENT OF DELIVERY OF DEFENDANT**
I delivered said defendant into the custody of the Commissioner of Correction and/or his agent and left this mittimus with him.

NAME AND LOCATION OF RECEIVING FACILITY:
TITLE OF DELIVERING OFFICER: _____ SIGNATURE OF DELIVERING OFFICER: _____ SIGNATURE OF RECEIVING OFFICER: _____

Exhibit-A.

## DECLARATION UNDER PENALTY OF PERJURY.

I, Joe Burgos Vega, am the undersigned Plaintiff and declare under penalty of perjury that I have read the entire "Plaintiff's First Amended Complaint", dated: 02/24/ 2006, and that the information contained therein is true and correct pursuant to 28 U.S.C. §1746; 18 U.S.C. §1621.

Executed at: MacDougall-Walker Correctional Institution on this 24th day of February, 2006.

The Plaintiff, Pro-Se',

*[signature]*

Joe Burgos Vega, I.D.# 130135
MacDougall-Walker Correctional Inst.
1153 East Street South
Suffield, Connecticut 06080

## CERTIFICATION OF SERVICE.

The Plaintiff, Joe Burgos Vega, certify under penalty of perjury that a true copy of the foregoing "Plaintiff's First Amended Complaint" has been mailed to the defendants, at:
Theresa Lantz, Jack Tokarz, and Frederick Levesque
c/o A.A.G. Lynn D. Wittenbrink
110 Sherman Street, Hartford, Connecticut 06105
on this 24th day of February, 2006.

The Plaintiff, Pro-Se',

*[signature]*

Joe Burgos Vega, I.D.# 130135
MacDougall-Walker Correctional Inst.
1153 East Street South
Suffield, Connecticut 06080

17.