UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOE BURGOS VEGA,<br>     Plaintiff, | :<br>:<br>: |
| v. | : Case No. 3:03-cv-2248 (PCD) |
| THERESA LANTZ, ET AL.,<br>     Defendants. | :<br>:<br>: |

**RULING ON MAGISTRATE JUDGE'S RECOMMENDED RULING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

On September 16, 2007, Plaintiff Joe Burgos Vega, at that time proceeding *pro se*, filed the pending Motion for Preliminary Injunction [Doc. No. 48]. On August 31, 2007, Magistrate Judge Joan Glazer Margolis issued a Recommended Ruling denying Plaintiff's motion for a preliminary injunction [Doc. No. 91], to which Plaintiff objected on September 17, 2007 [Doc. No. 96]. This Court has reviewed *de novo* Plaintiff's objections, and, for the reasons that follow, the Recommended Ruling [Doc. No. 91] is **approved and adopted**.

**I.     BACKGROUND**

Plaintiff Joe Burgos Vega is currently serving a 60-year sentence for assault and kidnapping. He was found guilty in State court of two counts of first degree assault and one count of second degree assault; he was found not guilty of first degree sexual assault. (Compl. ¶ 27.) See State of Conn. v. Vega, No. CR96115000, 2005 WL 3291928, at *1 (Conn. Super. Oct. 26, 2005). The Connecticut Department of Corrections ("DOC") classified Plaintiff as a sex offender with an S-3 sex offense treatment ("SOTN") score. Plaintiff challenges the assignment of this classification on the ground that he "has never been convicted of a sexual offense" (Compl. ¶ 27) and seeks a mandatory injunction in the form of "single cell status."

Plaintiff commenced this civil rights action under 42 U.S.C. § 1983, *pro se*, on December

24, 2003, alleging violations of his Fifth, Eighth, and Fourteenth Amendment rights, and seeking a declaratory judgment and injunctive relief. On September 18, 2006, Plaintiff filed, *pro se*, the pending Motion for Preliminary Injunction, which Defendants opposed on January 3, 2007. On January 8, 2007, Attorneys Andrew D. Moore and William K. Piotrowski appeared on behalf of Plaintiff, and Plaintiff has been represented by counsel in all subsequent papers submitted to the Court. In his motion, Plaintiff contends that he was in injured in an altercation with another prisoner in September, 2006, that was motivated in part by his sex offender status. In response, Defendants dispute that their policies caused Plaintiff's altercation with his cellmate, and they maintain that Plaintiff has an adequate remedy at law and is not likely to succeed on the merits of his claim. On August 31, 2007, Magistrate Judge Margolis issued her Recommended Ruling denying Plaintiff's motion for a preliminary injunction.

## II.     STANDARD OF REVIEW

In the face of an objection to a Magistrate Judge's Recommended Ruling, the District Court makes a de novo determination with regard to those portions of the recommended ruling to which an objection is made. Smith v. Barnhart, 406 F. Supp. 2d 209, 212 (D. Conn. 2005). This Court may accept, reject, or modify the recommended ruling, receive further evidence, or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

On a motion for preliminary injunction, the moving party must show: (1) that she will suffer irreparable harm in the absence of an injunction, and (2) either: (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly in her favor. Moore v. Consol.

Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005) (citations omitted); Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996). However, when "the moving party seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the injunction should be granted only if the moving party meets the more rigorous likelihood-of-success standard." Beal v. Stern, 184 F.3d 117, 122 (2d Cir. 1999) (internal quotations and citations omitted). Finally, when the injunction sought "will alter, rather than maintain the status quo," or will "provide the movant with ... relief [that] cannot be undone even if the defendant prevails at a trial on the merits," the moving party must show a "clear" or "substantial" likelihood of success. Id. at 122-23 (quoting Jolly, 76 F.3d at 473).

## III. DISCUSSION

Magistrate Judge Margolis recommended that Plaintiff's preliminary injunction motion be denied because he is not likely to succeed on the merits and because he has not shown that he is subject to actual and immediate harm. Plaintiff objects primarily on the basis that the Recommended Ruling applies the law generally controlling inmate classification to the specific issue of inmate sex offender classification, thereby concluding that Plaintiff's Vega's due process rights have not been violated. Plaintiff contends that the Magistrate Judge incorrectly found that the law applicable to general inmate classification controls the issue of inmate sex offender classification. As both Plaintiff and the Magistrate Judge acknowledge, this is a not a question that has been addressed by the Second Circuit or by district courts in this circuit.

District and state courts in Connecticut have repeatedly held that the classification of inmates by the Connecticut DOC does not give rise to a due process right of action. See Green v. Armstrong, No. 3:96-CV-1127 (AVC)(TPS), slip. op. at 10 (D. Conn. Feb. 25, 1998), aff'd

3

mem., 189 F.3d 460 (2d Cir. 1999); Harris v. Meulemans, 389 F. Supp. 2d 438, 441-43 (D. Conn. 2005); Taylor v. Levesque, No. 3:03-CV-1347 (HBF), 2005 WL 3050973, at *2-4 (D. Conn. Nov. 10, 2005); Wheway v. Warden, 215 Conn. 418, 430-32, 576 A.2d 494 (1990); Miller v. Warden, No. CV 000598372, 2000 WL 1258429, at *1 (Conn. Super. Ct. July 21, 2000) (noting that Wheway "established in Connecticut that an inmate has no liberty interest in a particular security classification."). Three circuits have held that inmate sex offender classification gives rise to a protected liberty interest and that prisoners must be afforded due process to dispute such a classification. See Neal v. Shimoda, 131 F.3d 818, 830 (9th Cir. 1997); Kirby v. Siegelman, 195 F.3d 1285, 1291-92 (11th Cir. 1999); Gwinn v. Awmiller, 354 F.3d 1211, 1217-19 (10th Cir.), cert. denied, 534 U.S. 860 (2004); Chambers v. Colo. Dep't of Corr., 205 F.3d 1237, 1240-44 (10th Cir.), cert. denied, 531 U.S. 962, 531 U.S. 974 (2000). However, neither the Second Circuit nor the Supreme Court has yet addressed whether such a classification implicates a protected liberty interest, and other case law suggests that inmates do not have a constitutionally protected liberty or property interest in internal prison classifications. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976) (stating that federal inmates do not have constitutionally protected interest in particular classifications); Pugliese v. Nelson, 617 F.2d 916, 923 (2d Cir.1980) (same); see also Palacio v. Ocasio, 02 Civ. 6726(PAC), 2006 WL 2372250, at *8 (S.D.N.Y. Aug. 11, 2006) (applying Pugliesi ); Majid v. Malone, 95 Civ. 2545(HB), 1996 WL 134756, at *2-3 (S.D.N.Y. Mar. 26, 1996) (same). See also Tinsley v. Goord, No. 05 Civ. 3921(NRB), 2006 WL 2707324, at *5 (S.D.N.Y. Sept. 20, 2006) ("Nor do we believe that requiring an inmate to participate in a sex offender treatment program 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" (quoting

Sandin v. Connor, 515 U.S. 472, 484, 115 S.Ct. 229, 132 L. Ed. 2d 418 (1995)); Grant v. Ahern, No. 03CV0539(FJS/RFT), 2005 WL 1936175, at *5 (N.D.N.Y. Aug. 2, 2005) (the court "cannot say" that wrongly classifying plaintiff as a sex offender during imprisonment violated clearly established constitutional rights).

As discussed by the Magistrate Judge, a Connecticut state court recently concluded that a prisoner has a liberty interest in not being labeled a sex offender. See Thomas v. Warden, 49 Conn. Supp. 416, 440-41 (Conn. Super. Ct. 2005). However, such precedent is not binding on this Court and does not persuade the Court at this stage in the proceedings that Plaintiff is substantially likely to succeed on the merits of his claim. Although Plaintiff is correct that district courts commonly look to the law of sister jurisdictions when there is no controlling law on point in their own jurisdiction, see, e.g., D.F. ex rel. N.F. v. Ramapo Cent. Sch. Dist., 430 F.3d 595, 599 (2d Cir. 2005), a motion for a preliminary injunction is not an appropriate stage for the court to look to precedent outside this circuit to decide a matter of first impression. CBS, Inc. (Cbs Records Division) v. Tucker, 412 F. Supp. 1222, 1226-27 (D.C.N.Y. 1976) (stating that questions of first impression are best not resolved in the context of a motion for a preliminary injunction). Without controlling authority on point in this circuit, the Court will not conclude that Plaintiff is substantially likely to succeed on the merits his claim, especially considering that also pending at this time are the parties' cross-motions for summary judgment, which provide more appropriate opportunities for the Court to consider a matter of first impression in this circuit.

Even if the Court were to find that Plaintiff were likely to succeed on the merits of his claim, he would not be entitled to a preliminary injunction for failure to demonstrate irreparable

5

harm. Magistrate Judge Margolis concluded in her recommended ruling that, although Plaintiff provided evidence that he had been involved in a physical altercation with his cell mate allegedly as a result of his sex offender classification, he made no demonstration that he is subject to actual and immediate subsequent harm. (See Ruling at 13-15.) Plaintiff objects to the Magistrate Judge's conclusion for several reasons. Plaintiff first argues that a violation of due process rights under the Constitution necessarily causes irreparable harm. Doe v. Lee, 3:99CV314 (RNC), 2001 WL 536730, at *2 (D. Conn. May 18, 2001) (citing Jolly, 76 F.3d at 482 (a "presumption of irreparable injury ... flows from a violation of constitutional rights")). While Plaintiff is generally correct on this point of law, it has not been established in this circuit that Mr. Vega's classification as a sex offender constitutes a violation of his due process rights. Therefore, this classification alone does not constitute irreparable harm for the purposes of a preliminary injunction. Plaintiff also contends that, as documented in support of his motion for summary judgment, he continues to face continuing harm that was not recognized by the Magistrate Judge in her recommended ruling. While the Court will consider such documentation shortly when reviewing the parties' motions for summary judgment, a review of the evidence and arguments presented on the motion for preliminary injunction shows that Plaintiff failed to make the requisite showing of irreparable harm at that time. The Court therefore approves and adopts the Magistrate Judge's findings that insufficient irreparable harm was shown to warrant injunctive relief at this preliminary stage.

## IV. CONCLUSION

For the reasons stated above, Magistrate Judge Margolis's Recommended Ruling [Doc. No. 91] is **approved and adopted**. Plaintiff's Motion for a Preliminary Injunction [Doc. No. 48]

6

is **denied.**

SO ORDERED.

Dated at New Haven, Connecticut, this  15th  day of October, 2007.

                                                            /s/
                                            Peter C. Dorsey, U.S. District Judge
                                            United States District Court